United States District Court
Southern District of Texas
**ENTERED**
March 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL CARO GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-06357 |
| | § | |
| GRANT DICKEY, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

At the time the petitioner, Miguel Angel Caro Garcia, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, he was a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Joe Corley Processing Center in Conroe, Texas. Pending is Respondents' motion to dismiss for mootness. Doc. No. 5. Petitioner has not filed a response and does not dispute that this case is moot.

Respondents advise the Court that the petitioner is no longer in custody and was granted voluntary departure on January 24, 2026. *Id.* at 2. Because the petitioner is no longer in custody and no controversy remains, his petition must be dismissed as moot. *See Spencer v. Kemna*, 118 S. Ct. 978, 983 (1998) (holding that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution" because

1 / 2

"[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit'")

(quoting *Lewis v. Cont'l Bank Corp.*, 110 S. Ct. 1249, 1254 (1990)).

Therefore, the Court **ORDERS** as follows:

1. Respondents' motion to dismiss (Doc. No. 5) is **GRANTED.**

2. This habeas petition is **DISMISSED** without prejudice as **MOOT.**

3. This case is **CLOSED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED on this _____16_____ day of March 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

2 / 2